UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:23-cr-035-12 |
| v. ) | |
| ) | |
| ROBERT JONES ) | |

JOINT NOTICE OF STIPULATION TO REJECT
AGREED SENTENCE IN PLEA AGREEMENT

The United States of America, represented by Assistant United States Attorney Marcela C. Mateo, and Defendant Robert Jones, represented by counsel Ryan Langlois, respectfully notify this Honorable Court of a joint stipulation requesting the Court to reject the agreed sentence (Doc. 272, p. 3, ¶4) in the plea agreement in the case. The parties respectfully recommend that Defendant Robert Jones (hereinafter "Jones") receive a sentence within the sentencing guidelines range of 21 to 27 months. In support of this motion, the parties provide the following information:

1. Defense counsel and the Government engaged in plea negotiations to resolve the above-referenced matter over the course of a few weeks. While the parties understand the Court is not involved in the negotiations, it provides the background for the parties' request in this Notice.

2. During negotiations, the parties conferred with the United States Probation Office ("USPO") prior to reaching a plea agreement in the case. Based on the review of Jones' criminal history, the parties believed Jones to be a career offender. The parties received an email from USPO indicating that USPO believed Jones to be a career offender upon their limited review of his criminal history. To explain, the parties did not have all documents relating to his convictions but

understood him to have two qualifying predicate convictions-to include involuntary manslaughter and battery.

3.The parties understood that if Jones had entered a plea to Count One (conspiracy) and was sentenced prior to November 1, 2023, he would not be classified as a career offender. However, the United States Sentencing Guidelines ("USSG") Amendment after November 1, 2023, would result in a career offender classification for Jones. Thus, the parties agreed to a Rule 11(c)(1)(C) plea agreement (Doc. 272) that included a range above the USSG range for Jones should he not be a career offender (prior to November 1, 2023) and below the range should he be a career offender (after November 1, 2023) due to the timing of the plea offer and entry of guilty plea. The parties believed such a range of 57 to 81 months was appropriate given the proposed Amendment and the role Jones had in the conspiracy.

4.On October 3, 2023, Jones entered a plea of guilty to the lesser-included offense of Count 1 pursuant to a plea agreement. Doc. 270. The plea agreement was offered under Rule 11(c)(1)(C). *See* Doc. 272. The plea agreement contained a provision that a specific sentence in the range of 57 to 81 months imprisonment would be appropriate in this case. *Id.*, p. 3, ¶4.

5.On December 7, 2023, the initial Presentence Investigation Report ("PSR") was filed. Doc. 356. In the initial PSR, Jones was not classified as a career offender. *See* Doc. 356, ¶19. With a criminal history category of V and a total offense level of 10, Jones' guideline imprisonment range is 21 to 27 months. Doc. 356, ¶56.

6.On December 11, 2023, the parties had a conference call with USPO. Upon review of the relevant case law, USSG provisions and underlying conviction

documents, the USPO confirmed that Jones was **not** a career offender due to his sentence of 12 months' probation for the battery (misdemeanor). Thus, the battery was not a predicate for career offender.

7. Jones' imprisonment range is 21 to 27 months of imprisonment. Doc. 356, ¶56. The current plea agreement binds this Honorable Court to an imprisonment range of 57 to 81 months, above the applicable guidelines. *See* Doc. 272, p. 3, ¶4.

8. Due to the fact the parties contemplated the plea agreement with the understanding and information that Jones was a career offender, and he is in fact not, the parties respectfully notify this Court that the parties recommend that the Court reject the proposed agreed sentence. Jones agrees to not withdraw his plea and proceed with sentencing under the USSG calculation in his PSR.

9. The Government agrees to recommend a sentence within 21 to 27 months, the imprisonment range calculated by USPO.

Therefore, the parties respectfully notify this Honorable Court of a joint stipulation to accept Jones' plea of guilty and reject the proposed agreed sentence to sentence Jones to a term of imprisonment within applicable guidelines range determined by the Court at sentencing.

Respectfully submitted, this 15th day of December 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

*s/Ryan D. Langlois*
Ryan D. Langlois
Counsel for the Defendant
217 West York Street
Savannah, GA 31401

*s/ Marcela C. Mateo*
Marcela C. Mateo
Assistant United States Attorney
Georgia Bar No. 397722
22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422

                                                             Facsimile: (912) 652-4991
                                                             E-mail: marcela.mateo@usdoj.gov