IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CASE NO.: 4:23-CR-00035-5 |
| CHARLES TOLBERT,<br>    Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

    Mr. Charles Tolbert, the Defendant (Mr. Tolbert) in the above-styled case, will soon stand before this Honorable Court at sentencing. After his acceptance of responsibility and entrance of a guilty plea to a charge of Distribution of a Quantity of Cocaine Base and Possession of a Firearm by a Prohibited Person, Mr. Tolbert now respectfully submits this Sentencing Memorandum and Motion for Downward Variance to assist the Court in its task of imposing a sentence that is "sufficient but not greater than necessary." See 18 U.S.C. § 3553 (2019).

### INTRODUCTION

    The laws of the United States favor release over detention, while formal criminal charges are pending against an individual, for a variety of reasons. Chief among them are the presumption of innocence our criminal justice system is founded upon, and logistical reasons in that it is easier for an individual to assist counsel in defense of said charges, if he or she is not incarcerated. However, perhaps there is an additional underlying reason that isn't necessarily codified somewhere or spoken on in some policy statement. Granting an individual bond prior to the adjudication of criminal charges, presents them with an opportunity for change prior to a

potential term of incarceration or a probationary period. Unfortunately, not all individuals charged with crimes take advantage of this opportunity and as a result we often see a reversion back to the life that led to those charges. In Mr. Charles Tolbert's case however, is it clear that he has taken full advantage of the opportunity granted to him by the Honorable Christopher Ray, to remain free prior to the adjudication of the charges that are at issue before the Court. Since being granted a Bond, Mr. Tolbert has remained in constant contact with defense counsel and his probation officer, abided by all terms and conditions of his release, achieved gainful employment, remained a dedicated and dutiful father to his daughter, and perhaps chiefly remained drug free.

 Prior to arrest on these charges, Mr. Tolbert was not gainfully employed and had not been for quite some time. He made money here and there as a "neighborhood mechanic" so to speak but he did not have a stable source of income. Since October 2023 (roughly a month after his release), as outlined in the Final Presentence Investigation Report, Mr. Tolbert has been gainfully employed through Chatham Personnel as a garbage collector for the City of Savannah. Due to his performance and reliability, Mr. Tolbert has been informed by his supervisor that should he be sentenced to a period of incarceration, his position will be there for him upon his release.

 In addition to his employment, Mr. Tolbert has continued to be a supportive family man. He is the primary caretaker for Ms. Asia Ellison, his girlfriend, who unfortunately suffers from kidney disease. Mr. Tolbert aids her in taking her to her dialysis appointments and caring for her daily needs after those appointments. Thankfully, Ms. Ellison did receive a kidney transplant in late 2023 but counsel for Mr. Tolbert is unaware if that has changed the need for her to receive dialysis treatments.

In addition to the care of his girlfriend, Mr. Tolbert has also remained a dutiful and devoted father. Mr. Tolbert takes his daughter, aged 13 (name not given for privacy purposes), to school daily. Also as outlined in the presentence investigation report, he has maintained his child support obligations to her and provides her mother with roughly $800-$1000 per month to help support the child.

Above all else, and potentially most relevant to the Court due to the nature of Mr. Tolbert's charges, is that Mr. Tolbert has remained drug free while out on bond. At the time of Mr. Tolbert's change of plea hearing, he had taken at least two drug tests with the United States Probation Office, both coming back negative for any substances. Mr. Tolbert attributes his sobriety to his gainful employment and rededication to his Christian Faith. However, he believes the need for substance abuse treatment will be lifelong and wishes to start this treatment immediately.

## MOTION FOR DOWNWARD VARIANCE AND SENTENCE REQUEST

**Mr. Tolbert respectfully requests this Honorable Court to find that a two-level downward variance/departure (to offense level 13), is applicable in this matter and sentence him to a period of 18 months, with 9 months to be served as imprisonment[1] and 9 months to be served on home detention, on both counts, to run concurrently**. As this Court is fully aware, the relevant factors codified within 18 U.S. Code § 3553(a)(2), to be considered when crafting a sentence "sufficient but not greater than necessary", are the need for the sentence imposed to:

---

[1] Note that if the Court also grants him credit for time served, Mr. Tolbert's 9 month imprisonment term will most likely be satisfied as he was incarcerated from late December 2022 to September 2023.

"(A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) afford adequate deterrence to criminal conduct;

(C) protect the public from further crimes of the Defendant; and

(D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

### FACTOR A

In regard to subsection (A), Mr. Tolbert expresses to this Court that he understands the seriousness of the offenses to which he has pled guilty to. He is truly remorseful for his actions in regard to the selling of crack-cocaine and his illegal possession of a firearm. However, he wishes this Court to know that the firearm in question was kept in a safe manner, in a safe in his bedroom, was locked away from any strangers or children. Additionally, it was not kept in the same location as any narcotics. Mr. Tolbert's possession of the firearm was not in furtherance of any sort of drug trafficking and was mainly kept for safety purposes. However, he is completely aware that this lapse in judgement unfortunately is a serious crime in nature and he will never again possess a firearm.

Furthermore, while Mr. Tolbert acknowledges he did possess and sell small quantities of crack cocaine, the evidence tying him to the actions of some of his co-defendants is minimal at best. Despite what appears to be constant surveillance, a controlled purchase through a Confidential Informant, and a wire-tap, Mr. Tolbert is only being attributed with 2.7 grams of cocaine base. Of which, roughly one gram was through a CI purchase and the other 1.7 grams

was seized during a search warrant executed at his home[2]. While the mere possession of a cocaine-based substance is troubling, these amounts would undoubtedly be categorized as "user-level" and not reflective of someone who was actively trafficking large quantities of drugs, as some of Mr. Tolbert's co-defendants are charged. In addition, Mr. Tolbert would highlight to the Court that despite a wire-tap being used in this case, Mr. Tolbert was never heard speaking in plain or coded language regarding drugs or quantities of drugs. The most damning of his conversations involved him notifying others that police were in the area.

It should also be noted that pursuant to law enforcement testimony at Mr. Tolbert's detention hearing, marked bills were used in this case. Despite that, none of the $2142.00 in cash found at Mr. Tolbert's residence were marked bills. Mr. Tolbert maintains that this was cash received for performing various odd jobs for neighbors in the community and through his role as a "neighborhood mechanic".

All things considered, in regard to subsection (A), Mr. Tolbert believes his requested sentence of 18 months, with 9 to be served on home detention and 9 to be served as a term of imprisonment, would be sufficient punishment in regards to the seriousness of these offenses. The 9 month term of imprisonment would show respect for the law in regard to his unlawful possession of a firearm and use and sale of crack-cocaine. However, allowing him to serve the remaining 9 months of his sentence on house arrest would be sufficient to allow Mr. Tolbert to seek substance abuse treatment and maintain gainful employment.

### *FACTORS B AND C*

Factors B and C, require the Court to craft a sentence which is an adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant. Specifically, in

---

[2] Note that the DEA Mid-Atlantic Lab found this substance to be only .7 grams of cocaine base.

regard to Factor B, a total sentence of 18 months, would be sufficient to deter criminal conduct as it falls within the range of felony punishment by exceeding 12 months.

While the risk to reoffend is significant in any matter, Mr. Tolbert prays this Court will take in to consideration that it has been over 12 years since he was charged with a felony offense (2010). Prior to that, most of his significant criminal history stems from his late teen and early 20 years. Furthermore, Mr. Tolbert would highlight to the Court that he has been a law abiding and contributing member of society since receiving a bond in this case in September of 2023. Lastly, while Mr. Tolbert's participation in the drug trade undoubtedly puts the public at risk, in this particular instance, there is no individual victim needed to be protected.

## FACTOR D

Factor D requires the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment *in the most effective manner*." In regards to Mr. Tolbert's charges, the glaring correctional treatment appears to be the need for substance abuse treatment. It is Mr. Tolbert's position that the most effective manner to receive this treatment would be to do so while on home detention versus incarceration.

The final Presentence Investigation Report places Mr. Tolbert's guidelines range at offense level 15 for count 24 (14 for count 9) and criminal history category I, thus imputing a guidelines range of 18-24 months. Hypothetically speaking, If Mr. Tolbert is sentenced to the recommendation provided by the United States Probation Office of 21 months, and given credit for time served, he would have roughly 12 months to serve as a term of imprisonment. If there is a wait time for Mr. Tolbert to enter an RDAP treatment program, he would be prevented from entering the program because it is typically a 9-month, 500 hour program. A reduction to offense level 13 from offense levels 15 and 14 respectfully, would still have a sentence range of 12 to 18

months and ensure that Mr. Tolbert could immediately begin intensive outpatient treatment. Note that 18 months is currently the low end of Mr. Tolbert's current guidelines calculation at offense level 15, which the United States Probation Office has recommended.

Mr. Tolbert requests this two-level reduction and split sentence based on the factors discussed in regards to factors A, B, and C but also so that he may seek significant/high level outpatient substance abuse treatment and continue his gainful employment which has been a huge factor in his sobriety. Mr. Tolbert believes this to be a sentence "sufficient but not greater than necessary" because it allows him to seek treatment in the most effective manner as outlined in Factor D and the 18 month sentence would still fall under his original guideline range at level 15. The two level reduction would simply put Mr. Tolbert's guidelines range in Zone C of the Sentencing Table and allow the Court to impose a sentence that consisted of home detention.

*LEGAL ARGUMENTS IN SUPPORT OF A DOWNARD VARIANCE UNDER SECTION 3553(a)*

18 U.S. Code § 3553(a)(3), instructs Courts "to consider sentences other than imprisonment." *Gall v. United States*, 552 U.S. 38, 59 (2007). For example, the Eighth Circuit upheld a district court's downward variance, which included a year of home detention, based in part upon this factor. *United States v. Davis*, 20 F.4th 1217, 1221–22 (8th Cir. 2021) (sentence constituted "a substantial punishment" and the Supreme Court has noted § 3553(a)(3) requires sentencing courts to consider noncustodial sentences). In *Tapia v. United States*, the United States Supreme Court held that "[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 334.

Some courts have varied downward to permit access to counseling or treatment programs. *See, e.g., United States v. Ruff*, 535 F.3d 999, 1001, 1003 (9th Cir. 2008) (affirming

variance to one day of imprisonment plus three years' supervised release with a condition of twelve months and one day served at a corrections center that would permit the defendant to participate in work release, receive counseling, and make visits to his young son). Permitting a downward variance based on Mr. Tolbert's need for substance abuse counseling, to maintain gainful employment, and the relationship he has with his daughter, all would fall in line with the downward variances previous District Courts have granted, and that various Appellate Courts and the United States Supreme Court have upheld.

Furthermore, this Honorable Court has the power to grant a downward variance based on a combination of 3553(a) factors. While Sentencing Courts have undoubtedly varied from the guidelines based on a single section 3553(a) factor, Courts also may vary where a combination of section 3553(a) factors makes the case unusual and so warrants a nonguidelines sentence. *See, e.g., United States v. Arrelucea-Zamudio*, 581 F.3d 142, 149 (3d Cir. 2009) (court "has the discretion to consider a variance under the totality of the § 3553(a) factors (rather than one factor in isolation).

For example, in the previously mention *Davis* case, the Eighth Circuit affirmed a downward variance based upon a combination of the defendant's "meritorious military career" and **positive pretrial release conduct** (under section 3553(a)(1)) in combination with the "substantial punishment" the district court imposed through "ten years of supervised release, one year of home confinement, and other restrictions" (under section 3553(a)(3)). *United States v. Davis*, 20 F.4th 1217, 1221 (8th Cir. 2022). In Mr. Tolbert's case, there are a variety of factors from which this Honorable Court may choose to grant him a downward variance. The significance of a total sentence of 18 months, Mr. Tolbert's positive pretrial release conduct, the need for significant outpatient substance abuse treatment, the daily relationship he maintains

with his daughter, the care he provides to his girlfriend Ms. Asia Ellison, and his potential for rehabilitation are all valid reasons that previous Sentencing Courts have found are grounds for a downward departure and that have been affirmed as such by the Appellate Courts and the United States Supreme Court.

## CONCLUSION

**WHEREFORE, for the reasons stated above, Mr. Charles Tolbert prays that this Honorable Court will grant a two-level downward variance, from offense level 15 to offense level 13, and sentence him to a period of incarceration of 18 months, with 9 months to be served in confinement and 9 months to be served on home detention. Furthermore, Mr. Tolbert would additionally request that this Court grant him credit for time served from December 21, 2022 to September 1, 2023 and impose a three-year term of Supervised Release.** Mr. Tolbert conveys to this Honorable Court that he accepts full responsibility for his actions which have placed him in the crosshairs of the United States. All arguments made in regard to his requested sentence, are not to downplay the seriousness of the charges in which he has accepted responsibility for but are simply made in support of his requested sentence.

Respectfully submitted this 22nd day of March, 2024.

**MCNAMARA LAW**

*/s/ Michael C. McNamara Jr.*
Michael C. McNamara Jr.
GA State Bar No. 172177
michael@mickeymaclaw.com
*Attorney for Defendant*

6600 Abercorn Street, STE 201
Savannah, GA 31405
P: (912) 710-0937
www.mickeymaclaw.com