UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 4:23-cr-035-9 |
| | ) | 4:23-cr-035-16 |
| RICHARD WOOD, | ) | 4:23-cr-035-18 |
| ABDUL MURRAY, and | ) | |
| DERRICK WASHINGTON | ) | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE PURSUANT TO
FED. R. EVID. 404(b), 609 AND SDGA LOCAL RULE 16.2**

Pursuant to Federal Rule of Evidence 404(b) and Local Rule 16.2, the Government hereby supplements the Notice previously filed on August 14, 2023 (Doc. 241), and notifies the Court and the above-mentioned Defendants, its intent to introduce as evidence in its case-in-chief at trial the following evidence:

    a.   **RICHARD WOOD**

          i.  On November 24, 2010, Georgia Bureau of Investigation ("GBI") met with a FedEx employee at the FedEx shipping center in Savannah, Georgia, regarding a suspicious package. Prior to GBI's arrival, the FedEx package had already been opened by FedEx personnel, GBI inspected the opened parcel and found that it contained approximately four kilograms of cocaine. The package was destined for "Chris Dutley" at 1018 Carver Street in Savannah, Georgia. The suspected cocaine was later tested by the

    GBI Crime Lab and it was found to be 3979.2 grams of cocaine hydrochloride.

  ii. As the investigation progressed, GBI found that Richard WOOD was residing at 1018 Carver Street.

**b. ABDUL MURRAY**

  i. On April 19, 2011, Houston Police observed a suspicious package at the FedEx facility in Houston, Texas. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. Officers obtained a search warrant for the package and found that the package contained $91,230 in United States currency. The package was destined for Derrick WASHINGTON at 3906 Smooth Oak Lane, Houston, Texas. The package had been shipped from "Kelly Ryan 'Shepards and Shafer Law Firm" at 7 Miller Pond Road in Port Wentworth, Georgia.

  ii. On June 22, 2011, Houston Police observed a suspicious package at the FedEx facility in Houston, Texas. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. Officers obtained a search warrant for the package and found that the package contained $26,000 in United States currency. The package was destined for Chris WASHINGTON at 3906 Smooth

        Oak Street, Houston, Texas. The package had been shipped from Christopher Banks at 15 Ropemaker Court, Savannah, Georgia.

iii. On January 6, 2014, Chatham County Sheriff's Office ("CCSO") was notified of a suspicious package at the UPS Store at 5170 Ogeechee Road in Savannah, Georgia. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. CCSO obtained a search warrant for the package and found that the package contained $90,000 in United States currency. The package was destined for Rocxy Scott at 3906 Smooth Oak Street, Houston, Texas. The package had been shipped from James Powell at 176 Arbor Village Drive in Pooler, Georgia.

iv. CCSO conducted a query of other parcels shipped by James Powell and found that from August 6, 2013 to January 6, 2014, four other parcels were shipped via UPS from James Powell to Rocxy Scott at 3906 Smooth Oak Lane in Houston, Texas. CCSO was unable to locate anyone with the name 'James Powell'.

v. WASHINGTON is an associate of MURRAY. The investigation revealed that MURRAY had tracking numbers for parcels destined to Smooth Oak Lane, Houston, Texas.

c. **DERRICK WASHINGTON**

  i. On April 19, 2011, Houston Police observed a suspicious package at the FedEx facility in Houston, Texas. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. Officers obtained a search warrant for the package and found that the package contained $91,230 in United States currency. The package was destined for Derrick WASHINGTON at 3906 Smooth Oak Lane, Houston, Texas. The package had been shipped from "Kelly Ryan 'Shepards and Shafer Law Firm" at 7 Miller Pond Road in Port Wentworth, Georgia.

  ii. On June 22, 2011, Houston Police observed a suspicious package at the FedEx facility in Houston, Texas. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. Officers obtained a search warrant for the package and found that the package contained $26,000 in United States currency. The package was destined for Chris WASHINGTON at 3906 Smooth Oak Lane, Houston, Texas. The package had been shipped from Christopher Banks at 15 Ropemaker Court, Savannah, Georgia.

  iii. On July 28, 2011, law enforcement found that Derrick Washington was associated with 3906 Smooth Oak in Houston,

    Texas. At the time, WASHINGTON's child's mother lived at the 3906 Smooth Oak address.

 iv. On January 6, 2014, Chatham County Sheriff's Office ("CCSO") was notified of a suspicious package at the UPS Store at 5170 Ogeechee Road in Savannah, Georgia. Several packages were lined up for a K-9 sniff, including the suspicious package. The K-9 did alert to the odor of narcotics on the suspicious package. CCSO obtained a search warrant for the package and found that the package contained $90,000 in United States currency. The package was destined for Rocxy Scott at 3906 Smooth Oak Lane, Houston, Texas. The package had been shipped from James Powell at 176 Arbor Village Drive in Pooler, Georgia.

 v. CCSO conducted a query of other parcels shipped by James Powell and found that from August 6, 2013, to January 6, 2014, four other parcels were shipped via UPS from James Powell to Rocxy Scott at 3906 Smooth Oak Lane in Houston, Texas. CCSO was unable to locate anyone with the name 'James Powell'.

## MEMORANDUM

Rule 404(b) allows for the admission of evidence of other crimes, wrongs, or acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b); *See also United States v. Baker*, 432 F.3d 1189, 1204 (11th Cir. 2005); *United States v. Taylor*, 17 F.3d 333

(11th Cir. 1994); *United States v. McMahon*, 592 F.2d 871 (5th Cir. 1979); *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).

The Defendants are all currently charged with a violation of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances). Further, some Defendants are also charged with violations of Title 21, United States Code, Section 841 (Possession with Intent to Distribute a Controlled Substance and/or Distribution of a Controlled Substance). *See* Doc. 337. The Government intends to introduce the above-listed events as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The similarities between the prior acts and the current counts in the Indictment are relevant to motive, establish knowledge, plan, preparation, absence of mistake and intent of the current acts.

It is well-established that evidence of a crime similar to the one charged is relevant to proving intent. *See United States v. Montes-Cardenas*, 746 F.2d 771, 780 (11th Cir. 1984). By entering a plea of not guilty to the charges in the Indictment, Defendant has forced the Government to prove the elements of the charged offense, which include his knowing intent. *United States v. Williford*, 764 F.2d 1493, 1498 (11th Cir. 1985) (extrinsic evidence admissible when intent is an issue). Often in cases where a defendant cannot plausibly deny doing the acts which form the basis of the criminal charge, he may well dispute that he had the requisite intent to commit the charged felony by insisting that the events were the product of accident or mistake. Using "other acts" to negate innocent intent and demonstrate the likelihood that

defendant did an act with the requisite intent in the charged case is a proper purpose under Rule 404(b). *See United States v. Lee*, 573 F.3d 155, 166-67 (3d Cir. 2009) (prior drug conviction properly admitted to prove intent in charged drug crime); *United States v. Kellogg*, 510 F.3d 188, 200 (3d Cir. 2007) (lies by laboratory official about prior decertification were admissible to prove fraudulent intent). The Government is entitled to put on "other acts" evidence that tends to rebut this defense. *United States v. Lopez*, 340 F.3d 169, 173-74 (3d Cir. 2003) (prior conviction to rebut contention heroin found in cell was not defendant's ("innocent association" defense)).

In addition, "other acts" evidence may be introduced to prove knowledge, where such knowledge is a fact of consequence. *See Huddleston v. United States*, 485 U.S. 681, 684 (1988) (prior acts to prove knowledge appliances were stolen); *United States v. Conner*, 583 F.3d 1011, 1022 (7th Cir. 2009) (other drug transactions often relevant to prove knowledge even when defendant does not actively contest mens rea); *United States v. Abbott*, 574 F.3d 203, 213 n.6 (3d Cir. 2009) (prior arrest may be introduced to prove knowledge); *United States v. Vega*, 285 F.3d 256, 262-64 (3d Cir. 2002) (prior drug convictions proved knowledge of conspiracy); *United States v. Saada*, 212 F.3d 210, 223-24 (3d Cir. 2000) (evidence of prior insurance fraud admissible to prove knowledge of fraudulent nature of claims in present case and intent to defraud).

The prior incidents listed above of the Defendants knowingly possessing drugs is relevant to establish that a later possession of controlled substances with intent to distribute was not a product of accident or mistake, but a knowing violation of the law. *See Saada*, 212 F.3d at 223-24 (evidence of prior insurance fraud admissible to

prove knowledge of fraudulent nature of claims in present case, intent to defraud, and absence of accident); *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002) (prior drug convictions admitted to prove absence of mistake, i.e., to rebut defendant's contention he was an "ignorant go-fer"). Additionally, the similarity in the scheme of which the narcotics and money were moved in the prior events and the charged conspiracy and possession with intent to distribute the controlled substances is clearly relevant.

The Government submits that the probative value of the clearly relevant incidents is not substantially outweighed by a danger of unfair prejudice. Should Defendant elect to testify at trial, the Government will also seek to cross-examine him regarding the above crimes pursuant to Rule 609(a).

WHEREFORE, the Government respectfully requests the foregoing Government's Notice Pursuant to FED. R. EVID. 404(b), 609(a), and SDGA Local Rule 16.2 be NOTED by this Honorable Court.

This 3rd day of April 2024.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422
Facsimile: (912) 652-4991
E-mail: marcela.mateo@usdoj.gov

*s/ Marcela C. Mateo*
Marcela C. Mateo
Assistant United States Attorney
Georgia Bar No. 397722

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 3rd day of April 2024.

                                                  Respectfully submitted,

                                                  JILL E. STEINBERG
                                                  UNITED STATES ATTORNEY

| | |
|---|---|
| 22 Barnard Street, Suite 300 | ***s/Marcela C. Mateo*** |
| Savannah, Georgia 31401 | Marcela C. Mateo |
| Telephone: (912) 652-4422 | Assistant United States Attorney |
| Facsimile: (912) 652-4991 | Georgia Bar No. 397722 |
| E-mail: marcela.mateo@usdoj.gov | |